**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MATILDA TURNER,<br>*Plaintiff*,<br>v.<br>JOSH STEIN et al.,<br>*Defendants*. | Civil Action No. 26-3075 (UNA) |

**MEMORANDUM**

This matter is before the Court on review of Plaintiff's application to proceed in forma pauperis, ECF No. 2, and pro se complaint, ECF No. 1. For the reasons explained below, the Court will grant the application and dismiss the complaint and the case without prejudice.

Complaints filed by pro se litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, pro se litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds on which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together, [those provisions] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up). This standard

ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *claim preclusion* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The instant complaint is indeed brief, but it is barely legible. Plaintiff appears to allege that government officials in North Carolina removed her children from her custody. *See* Compl. at 4. But it is unclear what Plaintiff asks the Court to do, and on what legal grounds. The complaint does not comply with Rule 8. And insofar as Plaintiff asks this Court to return her children to her custody, federal district courts ordinarily decline to exercise jurisdiction over domestic relations matters. *See Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (citations omitted); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).

For these reasons, the Court will dismiss the complaint, and the case, without prejudice. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: October 9, 2026